UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL DEON CHANCELLOR,

       Plaintiff,                  Case No.  03-40344

                                      District Judge Paul V. Gadola
v.                                    Magistrate Judge R. Steven Whalen

CITY OF DETROIT,
a Municipal Corporation,
P.O. WILLIAM "ROBO COP" MELENDEZ,
P.O. TROY BRADLEY, P.O. JEFFREY WEISS,
Individually and in their official capacity and
CMDR. CHARLES BARBIERI, in his official capacity,
jointly and severally,

       Defendants.
_____/

**OPINION AND ORDER**

Before the Court are three motions filed by Plaintiff Darell Deon Chancellor: (1) Motion to Extend Discovery [Docket #65]; (2) Motion to Determine Sufficiency of Defendant's Responses to Requests for Admissions [Docket #66]; and (3) Motion to Compel Production of Documents [Docket #67], all of which have been referred for hearing and determination pursuant to 28 U.S.C. §636(B)(1)(a).

The parties have advised that the Motion to Extend [Docket #65] has been resolved, and therefore that Motion will be DISMISSED.

The parties have advised that the Motion to Compel Production of Documents

-1-

[Docket #67] has also been resolved, and that Motion will likewise be DISMISSED.

As to the Motion to Determine Sufficiency of Responses [Docket #66], the Defendant objects to certain requests to admit on the basis of attorney-client privilege. The specific requests are numbers 4-11, 44, 47 and 50. These requests relate to a Report on Police Lawsuit Activity, 2000-2004, prepared by the City of Detroit Law Department for the Detroit City Council (*see* Appendix A, Joint List of Unresolved Issues). This Report contains statistics and conclusions regarding suits against the City, including cases in which defendant police officers were so-called "repeat offenders," that is, they had a history of misconduct. However, no individual officers are named in the Report. The Report is publically available. The Requests for Admission ask whether the Defendant police officers in this case were or were not included in the underlying data used to prepare the Report, and whether they should have been included in the data as "repeat offenders." The Requests also ask whether data involving the Defendant officers in this case were used in preparing the Report. Defendant City claims attorney-client privilege as to the Requests to Admit.

The attorney-client privilege is narrowly construed, because it "reduces the amount of information discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996). *See generally U.S. v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108 (U.S. 1974) (privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth"). Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999). As a

general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. *In re Grand Jury Proceedings, supra*, 188 F.3d at 254. In addition, communications do not become privileged merely because they are made to or by a lawyer. It is well established that attorney-client communications related to areas other than legal counseling, such as business advice, are not privileged. *In re Grand Jury Subpoena Duces Tecum*, 732 F.2d 1032, 1037 (2nd Cir. 1984). Finally, even where the attorney-client privilege applies, the "protection of the privilege extends only to *communications* and not to facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

In *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1999), *cert. denied*, 525 U.S. 820 (1998), the Court set forth the following test to determine the scope of the attorney-client privilege: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." The only communication in this case was the Report, which was prepared by the Law Department and conveyed to the City Council. Since it was made public, of course, any claim of privilege as to the Report itself has been waived. *In re Grand Jury Proceedings, supra*. In addition, the data underlying the Report are not protected by attorney-client privilege, for two reasons. First, the data were not conveyed from the client (the City Council) to the attorney, and apparently were not conveyed by the attorney to the Council. Therefore, there was no

privileged communication as described in *Reed v. Baxter*. Secondly, even if the privilege were somehow brought into play, it protects communications, not underlying facts. *Upjohn Co. v. United States, supra*. Plaintiff merely asks Defendant to admit, as a *factual* matter, whether or not the Defendant officers in this case were counted in the statistics that were provided to Council.

To the extent that the Defendant is asserting on a non-privilege-based confidentiality basis to withhold responses, such concerns may not impede the course and conduct of federal limitation except to the extent that there is a recognized privilege under federal law. *Seales v. Macomb County*, 226 F.R.D. 572 (E.D. Mich. 2005). In addition, as the court stated in *Pearson v. Miller,* 211 F.3d 57, 68 (3rd Cir. 2000), "'[T]here is a 'special danger' in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.'" *(*quoting *ACLU v. Finch*, 638 F.2d 1336, 1344 (5th Cir.1981)).

In the present motion, Plaintiff is not seeking the production of documents or any tangible material, but rather only admissions or denials as to what facts were used in preparing a publically disclosed statistical report. The attorney-client privilege does not protect the Defendant from responding.

Therefore, Plaintiff's Motion to Determine the Sufficiency of Responses to Requests for Admission [Docket #66] is GRANTED, and Defendant shall respond to Requests for Admission Nos. 4-11, 44, 47 and 50.

SO ORDERED.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: October 12, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 12, 2005.

        S/Gina Wilson
        Judicial Assistant