UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL DEON CHANCELLOR,

                              Plaintiff,

                                                 CIVIL CASE NO. 03-40344

v.

CITY OF DETROIT, et al.,                       HONORABLE PAUL V. GADOLA
                                                                     U.S. DISTRICT COURT

                                Defendants.
_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

      On July 29, 2005, Plaintiff filed a Motion to Determine the Sufficiency of Responses to Requests for Admissions [docket entry 66]. The motion was subsequently referred to Magistrate Judge R. Steven Whalen. On October 12, 2005, Magistrate Judge Whalen issued an opinion and order granting Plaintiff's motion after considering the submitted briefs and affidavits, and without conducting a hearing on the questions presented. On October 26, 2005, Defendant City of Detroit filed objections to the Magistrate's opinion and order. Plaintiff filed a response to Defendant's objections, contending that Defendant had not filed its objections in a timely manner. Defendant's objections were timely filed within ten days, however, as Plaintiff has incorrectly calculated the time for filing. *See* Fed. R. Civ. P. 6 (excluding intermediate Saturdays, Sundays, and legal holidays, and adding three days for service).

      Nondispositive orders, such as Magistrate Judge Whalen's order granting Plaintiff's Motion to Determine the Sufficiency of Responses to Requests for Admissions, are governed by the terms

of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

 "According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In his objections, Defendant argues that the information sought by Plaintiff by means of his requests for admissions is protected by the attorney-client privilege.  After reviewing the parties' submissions and the relevant portions of the record, and upon conducting a de novo review of the magistrate judge's opinion and order, the Court overrules Defendant's objections, and finds that the information sought by Plaintiff is not protected by the attorney-client privilege.

Concerning the attorney-client privilege, the United States Supreme Court has stated the following:

> The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:
>
> > [The] protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (quoting *Philadelphia v. Westinghouse Electric Corp.*, 205 F.Supp. 830, 831 (E.D. Pa. 1962)). Plaintiff's Requests for Admissions ask whether cases involving certain named police officers were part of the data used in creating the Detroit City Council Report. Because these requests by Plaintiff are for factual information that happened to be in a communication, and not requests for the communications themselves, Plaintiff's Requests are not barred by the attorney-client privilege. For this reason, Magistrate Whalen's order granting Plaintiff's Motion to Determine the Sufficiency of Responses to Requests for Admissions is not clearly erroneous or contrary to law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections to the magistrate's ruling [docket entry 93] are **OVERRULED**.

**SO ORDERED.**

Dated:  January 3, 2006                              s/Paul V. Gadola
                                                                   HONORABLE PAUL V. GADOLA
                                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

  Ronnie E. Cromer, Jr.; Scott L. Gorland; Eula J. Johnson; Robert F. Kinney, III: Jane K. Mills; John P. Quinn; James D. VandeWyngearde                                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                                .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845