UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL DEON CHANCELLOR,

        Plaintiff,                Case No.  03-40344

                                     District Judge Paul V. Gadola
v.                                   Magistrate Judge R. Steven Whalen

CITY OF DETROIT,
a Municipal Corporation,
P.O. WILLIAM "ROBO COP" MELENDEZ,
P.O. TROY BRADLEY, and P.O. JEFFREY WEISS,
individually and in their official capacity,

        Defendants.
_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION
REGARDING DEFENDANT BRADLEY'S MOTION
FOR SUMMARY JUDGMENT [DOCKET # 103]**

On August 29, 2006, the undersigned issued a Report and Recommendation (R&R) with regard to Defendant Bradley's Motion for Summary Judgment, recommending that the motion be denied in all respects except the claim that Plaintiff was deprived of his rights under the Equal Protection Clause of the Fourteenth Amendment. On September 14, 2006, Defendant Bradley filed objections, alleging that certain "dispositive" issues were unaddressed in the R&R.[1] While these issues are devoid of merit, and do not substantively affect the August 29th recommendation, I will, in the interest of thoroughness, discuss those

---

[1] Defendant claims that the R&R "failed to consider dismissing the pendent state law claims pursuant to 28 U.S.C. §1367(c)." The R&R thoroughly discussed the elements of each state law claim, as well as the reasons that summary judgment would be inappropriate. Implicit in the recommendation that summary judgment be denied is a rejection of Defendant's argument under §1367(c). Therefore, this Supplemental R&R will discuss only the other two issues–the Plaintiff's alleged agreement to dismiss the case and the untimely responses to Defendant's requests to admit.

-1-

issues herein, with the proviso that neither the original R&R or any analyses or conclusion contained in the original R&R are changed. This Supplemental R&R pertains only to Defendant Bradley's Motion for Summary Judgment, not to the motions filed by the other Defendants. Either Defendant Bradley or the Plaintiff may file objections to this Supplemental R&R, restricted to its findings, conclusions and recommendations.

## I.  ANALYSIS

(The underlying facts of this case are set forth in the original R&R, and need not be repeated here).

### A.  The "Agreement" to Dismiss the Case

Defendant Bradley claims that before his deposition, Plaintiff's counsel offered him "the opportunity to be dismissed from this case, should you be willing to provide truthful and honest, and detailed testimony regarding your involvement with the said Defendant officers." Bradley pins his hopes on the theory that the Plaintiff is bound by what is in effect an enforceable settlement agreement. This argument is without merit.

First, it should be noted that Defendant Bradley did not raise this argument in his Motion for Summary Judgment. Instead, he raised it for the first time in his *reply* brief, filed on February 13, 2006 [Docket #130], in response to the Plaintiff's brief in opposition to summary judgment. In *United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir. 1989), the Sixth Circuit declined to address an issue not raised in the original brief, stating:

> "'It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond.' *Knighten v. Commissioner,* 702 F.2d 59, 60 n. 1 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). '[C]ourt decisions have made it clear that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.' 16 C. Wright, A. Miller, E. Cooper, & E. Grossman, *Federal Practice and Procedure* § 3974 at 428 (1977). Accordingly, we will not address this issue."

The same reasoning applies to a motion for summary judgment. Thus, the issue is not

properly before this Court.[2]

Furthermore, the issue fails on its merits. While it is true that this Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988), that remedy is restricted to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement. *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973). Indeed, "summary proceedings may result in inequities when ... such a dispute does exist." *Id*. Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1988). *See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000). Enforceability of an alleged settlement agreement is analyzed under principles of contract law, and "[p]art of [the] threshold interpretation is the question of whether the terms of the...contract are ambiguous." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2nd Cir. 2000).

It is not even certain that there was an agreement in this case. While perhaps improvident, Plaintiff's counsel's statement appears also to have been gratuitous. Further, the statement is fraught with ambiguity. What does "the opportunity" to be dismissed from

---

[2]The Court is mindful of *Lexicon, Inc. v. Safeco Insurance Co. Of America*, 436 F.3d 662 (6th Cir. 2006), where the majority opinion found that "any error by the district court in granting Safeco's summary judgment without giving Lexicon an opportunity to respond to Safeco's arguments is harmless." *Id.* At 670. *Lexicon* found it significant that the defendant (unlike the Plaintiff in the present case) had the opportunity to brief the issue in the district court in its motion to alter, amend or vacate the judgment, and again on appeal, noting that appellate review of a grant of summary judgment is *de novo*. However, Judge Griffin's partial dissent in *Lexicon* took the position that "the issue is not one of harmless error, but rather one of preservation....A de novo standard of review does not excuse a party's obligation to fairly present each of its issues at every stage in the proceedings." *Id*. at 676, fn. 3 (partial dissent of Griffin, J.).

Nevertheless, out of an abundance of fairness, and in the interest of judicial economy, the Court will address the merits of this issue. Unfortunately for Defendant Bradley, the issue has no merit.

the case mean? "Truthful and honest" testimony seems clear enough,[3] but what does "detailed testimony" mean, and who determines the level of "detail" necessary to invoke an agreement to dismiss? Even if counsel's statement is construed as somehow creating a settlement agreement, the material terms of that agreement are ambiguous, rendering it unenforceable.

### B.   The Requests for Admissions

Defendant Bradley also argues that Plaintiff's apparent failure to timely answer his Requests to Admit (the Plaintiff's answers were filed three days after the 30-day period set forth in Fed.R.Civ.P. 36) should result in the admissions being conclusively established.

Rule 36 permits a court, on motion, to withdraw an admission. However, a formal, written motion to withdraw is not necessary, and a withdrawal or request to withdraw may be made orally or may be imputed from a party's actions. In *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997), the Sixth Circuit stated that "we are reluctant to assign talismanic significance to the attorney's failure to use the phrase 'I move.'" In *Gutting v. Falstaff Brewing Co.*, 710 F.2d 1309, 1313 (8th Cir. 1983), the court held that "a late response [is] equivalent to a withdrawal of an admission." *See also White Consolidated Industries v. Waterhouse*, 158 F.R.D. 429, 432 (D.Minn. 1994). Here, the Plaintiff filed his denials to the Requests to Admit only three days late. Those denials may be deemed the functional equivalent of a request to withdraw.

Rule 36(b) provides that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained

---

[3]Bradley was under a legal obligation to testify truthfully at his deposition quite independently of any "promises" from Plaintiff's lawyer. Unlike the situation where a criminal defendant agrees to waive the Fifth Amendment right in exchange for testimony, Bradley had no Fifth Amendment right in this case, having already waived it in the context of his own guilty plea.

the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." The withdrawal of an admission is entrusted to the court's discretion, and the first prong of the Rule 36(b) test is met "when upholding the admission would practically eliminate any presentation on the merits of the case." *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995) (holding that the district court abused its discretion in refusing to allow the withdrawal of two inadvertent admissions that went to the heart of the case). With respect to the second prong of Rule 36(b)–prejudice–the court in *Hadley* stated:

> "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted. *Brook Village N. Assocs. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982). The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case. *See FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994)." *Id.*, at 1348.

Applying these standards to the present case, it would be manifestly unjust to deem the Defendant's requests admitted by the Plaintiff. Under the first prong of Rule 36(b), the admissions go to the very heart of the case. For example, Defendant asked Plaintiff to "admit that you have no evidence that Plaintiff was incarcerated as the result of any false or fraudulent allegation made by Bradley" (Request no. 3) and "to admit that you have no evidence that a federal criminal complaint was filed against Plaintiff arising out of any false or fraudulent allegation made by Bradley" (Request no. 2). The very basis of the complaint against Bradley is that Plaintiff was charged and incarcerated because of Bradley's and the other Defendants' lies. In fact, Bradley himself *admitted* that he lied in his police report, and he himself served a federal prison term because of his lies. It would be nothing short of a miscarriage of justice to reward a self-proclaimed and convicted liar for no other reason than

the Plaintiff's denials were three days late.

Furthermore, the Defendant has not met his burden of showing prejudice. He knew very well when he received the denials on October 3, 2005 what the Plaintiff's position was. He was not misled, he was not surprised, and he did not forego any discovery . Indeed, he vigorously conducted extensive discovery on the very issues he now claims the Plaintiff has waived. He proceeded with his defense, and filed a summary judgment motion on the merits, citing depositions and other documents in direct response to the claim that he and the other Defendants violated the Plaintiff's Fourth and Fourteenth Amendment rights. Under these circumstances, to disallow the withdrawal of the claimed admissions and grant the Defendant summary judgment on that basis would be an abuse of discretion.

## II. CONCLUSION

For these reasons, I reiterate my previous recommendation that Defendant Bradley's Motion for Summary Judgment [Docket #103] be DENIED as to all claims except the Fourteenth Amendment Equal Protection claim brought under 42 U.S.C. §1983, and that the motion be GRANTED as the Equal Protection claim only.

Any objections to this Supplemental Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Objections will be limited to facts, findings, analyses and conclusions contained in this Supplemental Report and Recommendation. Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). (Previously filed timely objections to the original Report and Recommendation are preserved). Filing of objections which raise some issues but fail to raise others with specificity will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: September 15, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 15, 2006.

        S/Gina Wilson
        Judicial Assistant