UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL DEON CHANCELLOR,

                      Plaintiff,

v.                                            CIVIL CASE NO. 03-40344

CITY OF DETROIT, a municipal corporation,
P.O. WILLIAM "ROBO COP" MELENDEZ,     HONORABLE PAUL V. GADOLA
P.O. TROY BRADLEY, and P.O. JEFFREY     U.S. DISTRICT COURT
WEISS, individually and in their official
capacity,

                      Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Michigan law.  In his complaint, Plaintiff alleges that he was arrested by Defendant police officers Melendez, Bradley, and Weiss on April 22, 2002, and that Defendant officers fabricated a firearms violation against Plaintiff by planting evidence and lying on their police reports.  Before the Court are Defendants' motions for summary judgment, and the Report and Recommendation of United States Magistrate Judge R. Steven Whalen.  The Magistrate Judge issued his Report and Recommendation on August 29, 2006, recommending that Defendants' motions be granted in part and denied in part.  Defendants Melendez and Weiss filed objections to the Report and Recommendation on September 8, 2006; Defendant City of Detroit filed objections on September 12, 2006; and Defendant Bradley filed objections on  September 13, 2006.  On September 15, 2006, Magistrate Judge Whalen issued a "Supplemental Report and Recommendation" that in no way modified the earlier Report and Recommendation, but instead addressed some of the concerns raised by Defendant Bradley in his

objections. For the reasons below, the Court will accept and adopt the Magistrate Judge's Report and Recommendation.

**I.     Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at

807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II.     Analysis**

The Magistrate Judge first recommended that summary judgment be granted in Defendants' favors with regard to Plaintiff's claim that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. No objections have been filed concerning this portion of the Report and Recommendation. Accordingly, the Court will accept and adopt the Magistrate Judge's recommendation with regard to this issue.

The Magistrate Judge recommended that summary judgment be denied for Plaintiff's remaining claims. Defendants objected to this portion of the Report and Recommendation, and thus, the Court will consider the objections.

**A.     Objections of Defendant police officers**

The objections to the Report and Recommendation of Defendants Melendez, Weiss, and Bradley, the police officers, primarily rest on the argument that there is no factual dispute that there was probable cause to arrest Plaintiff. Defendants argue that it is undisputed that a weapon was found in the car in which Plaintiff was riding, and that this establishes the probable cause necessary to justify Plaintiff's arrest, which forms the foundation for all of Plaintiff's claims against Defendants.

This Court disagrees with the Defendant officers. In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable

to the nonmoving party. *See 60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Taking the facts in the light most favorable to Plaintiff in this case, there is a genuine issue of material fact as to where the gun allegedly found in Plaintiff's car was actually found. First, the facts of what occurred on the day in question differ significantly between Plaintiff's account and the account of the police officers; for example, Defendant Melendez claims that he saw Plaintiff throw a gun, whereas Plaintiff denies that he had a gun. More importantly, in his deposition, Defendant Bradley admitted that he had lied on his police report and that many of the facts of what occurred as recorded on the police reports were false. Furthermore, Plaintiff testified in deposition that during his arrest, he argued to Defendant Melendez that it was not his gun, and that Melendez responded that he was going to say it was Plaintiff's gun and if Plaintiff didn't shut up, Melendez would also plant some dope on Plaintiff. Looking at the circumstances of Plaintiff's April 22, 2002 arrest, a grand jury found sufficient evidence to indict Defendant officers for conspiracy to violate civil rights, by finding that Defendants had lied in their reports about Plaintiff's arrest and on numerous other occasions. Therefore, there is evidence in the record that supports Plaintiff's position that Defendant officers lied about the gun, and planted it in order to fabricate probable cause to arrest Plaintiff. For these reasons, the Court finds that the conclusion of the Magistrate Judge is sound, and that there is a genuine issue of material fact as to where the gun was found and, consequently, whether Defendant police officers had probable cause to arrest Plaintiff on April 22, 2002.

In their objections, Defendant police officers also rely heavily on the argument that a grand jury indicted Plaintiff and that "it has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Barnes v. Wright*, 449 F.3d 709, 716 (6th

4

Cir. 2006) (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Defendants argue that since Plaintiff was indicted by a grand jury on this issue of unlawful possession of a gun, there is probable cause for the arrest and Plaintiff has no basis for his claim against Defendants. The ruling in *Barnes* is easily distinguishable from the instant case. Unlike the plaintiff in *Barnes* who was found guilty at trial, the charges against Plaintiff were dropped by the government before trial. More importantly, Plaintiff has provided evidence tending to show that his grand jury indictment was not "fair upon its face" but that the evidence presented to the grand jury was false and fabricated. Therefore, the Court finds that the Magistrate Judge correctly recommended that summary judgment in favor of Defendant police officers was improper. Accordingly, taking the facts in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant police officers violated Plaintiff's civil rights by fabricating probable cause against Plaintiff. In addition, because there is a genuine issue of material fact as to whether Defendants violated Plaintiff's civil rights, the Court finds that Defendants are not entitled to prevail on their argument of qualified immunity.

     Defendant police officers also argue that summary judgment with regard to the state law claims should be granted. Defendants acknowledge in their objections that summary judgment on the state law claims rests on the presence of probable cause to arrest Plaintiff. Because this Court finds, as outlined above, that there is a genuine issue of material fact as to whether Defendant officers fabricated probable cause in order to arrest Plaintiff, summary judgment is improper for the remaining state law claims.

     Defendant Bradley, in his objections, argues separately that summary judgment is proper because of an alleged agreement to dismiss the case and because of Plaintiff's apparent failure to

timely answer Bradley's Requests to Admit. The Magistrate Judge addressed Bradley's arguments in his Supplemental Report and Recommendation, issued on September 15, 2006. After a review of the Supplemental Report and Recommendation and other relevant portions of the record, this Court finds that the Magistrate Judge's reasoning and conclusions are sound and correct, and that summary judgment in favor of Bradley on these arguments is improper. Therefore, for the above reasons, the Court overrules the objections of Defendants Melendez, Weiss, and Bradley.

### B. Objections of Defendant City of Detroit

Defendant City of Detroit first objects to the Magistrate Judge's recommendation to deny summary judgment for City of Detroit as to Count II (false arrest and imprisonment) and Count IV (intentional infliction of emotional distress). City of Detroit argues that the Magistrate Judge inadvertently overlooked its claim of governmental immunity to Count II and Count IV. The Court agrees with the City of Detroit on this issue. Defendant City of Detroit and Defendant Barbieri, who was sued in his official capacity and not individually, enjoy governmental immunity from intentional torts. *See* M.C.L. § 691.1407. Counts II and IV describe intentional torts. Accordingly, summary judgment is appropriate on Counts II and IV for Defendants City of Detroit and Defendant Barbieri.

Defendant City of Detroit also objects to the Magistrate Judge's recommendation finding that summary judgment on Count I (deprivation of civil rights) is not proper. Defendant first argues that the police officers did not violate the constitutional rights of Plaintiff. This argument has no merit. As explained above, this Court finds that the Magistrate Judge was correct in finding that Plaintiff has provided evidence tending to show that there was a violation of his constitutional rights. Taking the facts in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether the police lied and fabricated probable cause in order to arrest Plaintiff.

6

Defendant City of Detroit further objects to the Magistrate Judge's recommendation, arguing that there is no evidence to support a finding that the City of Detroit had a custom or policy that violated Plaintiff's constitutional rights. The Court finds that this argument has no merit. Taking the facts in the light most favorable to Plaintiff, Plaintiff has provided sufficient evidence to defeat the City's motion for summary judgment.

A municipal custom or policy "may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). In this case, Plaintiff has given evidence tending to support the position that there was a practice among the police of violating civil rights of persons, and that the City of Detroit knew or should have known of this practice, and yet was deliberately indifferent to the violations. In particular, Plaintiff has given evidence that for several years before his April 22, 2002 arrest, the City of Detroit was aware of an unusually large number of police misconduct cases, and had the ability to monitor officers' performance and behavior with a computerized tracking system. Plaintiff has shown that independent reviews of Detroit police activity before Plaintiff's arrest noted problems with police conduct and falsification of police reports. There is also evidence that Defendants Melendez, Weiss, and Bradley had been involved on more than one occasion in police misconduct settlements. Finally, Bradley testified in his deposition that there was a practice of "articulating" information on police reports in order to create a stronger case against arrestees, and that this practice was tolerated or even encouraged by his supervisors in the police force. Consequently, taking the facts in the light most favorable to Plaintiff, Plaintiff has provided sufficient evidence for a reasonable juror to conclude that Defendant City of Detroit knew or should have known about the unlawful actions and

police methods of certain officers, and that the City was deliberately indifferent to these actions. Therefore, summary judgment in favor of the City of Detroit is improper, and this Court overrules the City's objections.

**III.     Conclusion**

Accordingly, after having reviewed the Report and Recommendation and Supplemental Report and Recommendation, Defendants' motions for summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendants Melendez and Weiss's objections [docket entry 139] and Defendant Bradley's objections [docket entry 141] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant City of Detroit's objections [docket entry 140] are **OVERRULED IN PART and SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 138] and the Supplemental Report and Recommendation [docket entry 143] are **ACCEPTED** and **ADOPTED** as the opinions of this Court, in a manner not inconsistent with this Order:

1. Summary judgment is **GRANTED** in favor of all Defendants as to Plaintiff's claim of a violation of the Equal Protection Clause of the Fourteenth Amendment.

2. With regard to Defendants Melendez and Weiss's motion for summary judgment [docket entry 104] and Defendant Bradley's motion for summary judgment [docket entry 103], summary judgment is **DENIED** as to all remaining claims.

3. With regard to Defendant City of Detroit's motion for summary judgment [docket entry 102], summary judgment is **GRANTED** as to Count II (false arrest and imprisonment) and Count

IV (intentional infliction of emotional distress), and summary judgment is **DENIED** as to all remaining claims.

**SO ORDERED.**

Dated:   September 29, 2006              s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

| Certificate of Service |
| --- |
| I hereby certify that on   October 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Ronnie E. Cromer, Jr.; Scott L. Gorland; Eula J. Johnson; Robert F. Kinney, III; Jane K. Mills;John P. Quinn; James D. VandeWyngearde                                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                          .<br><br>                                         s/Ruth A. Brissaud<br>                                         Ruth A. Brissaud, Case Manager<br>                                         (810) 341-7845 |